McGILL v. HOLMES, BOOTH & HAYDENS.

(Supreme Court, Appellate Division, First Department. October 19, 1900.)

1. JUDGMENT—PENDENCY OF OTHER ACTION—RES JUDICATA.
Where, in a subsequent action, judgment was rendered during the pendency, but after trial before a referee, of a prior action involving the same issues, such judgment is not res judicata of the matters involved in the first cause, since the judgment could not have been pleaded or put in evidence before the referee.

2. SAME—LAW OF THE CASE.
Though a judgment rendered in a subsequent action, during the pendency, but after the trial, of a prior action involving the same issues, is not res judicata of the matters involved in first cause, yet where, on the appeal in which such judgment was affirmed, the court did not overlook some question, or was not manifestly in error, the determination of the subsequent cause will be held decisive of the prior action.

3. REFEREE'S FINDING—EVIDENCE—SUFFICIENCY—AFFIRMANCE OF JUDGMENT.
Where the determination of a referee is fairly sustained by the evidence, a judgment entered on his decision will be affirmed on appeal.

Appeal from judgment on report of referee.

Actions by George W. McGill against Holmes, Booth & Haydens. From a judgment in favor of plaintiff entered upon the decision of the referee, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Henry W. Hayden, for appellants.
Henry G. Atwater, for respondent.

RUMSEY, J.   These actions were brought upon a contract for the payment of royalties by the defendants to the plaintiff upon articles invented by him.   They are three in number.   After they had been brought, another action was begun upon the same contract for royalties which accrued after the former actions had been put at issue. The complaint in the last action was precisely the same as in the three actions now before the court, except that the claim for royalties was made for different months.   The defense in all the actions was the same, and the answers differ only in that a counterclaim had been interposed in the three actions above mentioned which was not interposed in the last action.   The cases were tried before the same referee, and upon substantially the same evidence, except as to the counterclaim.   In the last action a judgment was ordered by the referee in favor of the plaintiff.   Upon appeal the judgment in that action was affirmed by this court.   Upon the argument of this appeal the appellant seeks to raise other questions than those which were decided upon the former appeal, but he raises no question which was not fairly presented by the record in that case.   The judgment in the former case was not before the referee upon the trial of these actions. Indeed, it could not be, for at that time no judgment had been rendered.   As the judgment did not exist, and therefore could neither be pleaded nor put in evidence, the adjudication in the former case is not conclusive in these actions, so as to constitute a bar.   But while the defendants are not precluded, as matter of law, by the existence of that judgment, from raising here questions which were not presented to us upon the hearing of the appeal in that case, yet the determination in that case is a precedent which should be followed upon the decision of this appeal, unless it appears quite clearly that in making that determination the court overlooked some question which was not presented, or was manifestly in error in its decision.   No such condition of affairs is shown, and our examination of the case does not lead us to the conclusion that any such condition did exist.   For that reason, in our judgment, the precedent made by the determination of the former appeal should be followed; and, so far as the case turns upon the questions presented in the former action, the judgments now appealed from should be affirmed.

But the counterclaim which was interposed and tried in these actions was not before the court for decision in the former action, and therefore the defendants are at liberty to present any question which properly arises upon that branch of the case.   The defendants claim that the weight of evidence in respect to the counterclaim was so decidedly in their favor that the referee erred in ordering judgment for the plaintiff upon it.   We have carefully examined the evidence upon the counterclaim, and, while it is undoubted that there was considerable conflict, yet we cannot say that the determination of the learned referee was not fairly sustained by the evidence in the case, and for that reason it should be affirmed.

The result of the whole case is that the judgments appealed from should be affirmed, with costs.   All concur.